**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHUNNU LI,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 12-71286

Agency No. A099-732-918

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

    Chunnu Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Li's written statement and testimony regarding the circumstances of her alleged forced abortion. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The agency reasonably rejected Li's explanations for the inconsistency. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Accordingly, in the absence of credible testimony, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Li's CAT claim is based on the same testimony found to be not credible, and she does not point to any other evidence that shows it is more likely than not that she will be tortured if returned to China, her CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**